11-3000-cv
Mosinski v. Astrue

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of May, two thousand twelve.

PRESENT:
RALPH K. WINTER,
JOSEPH M. McLAUGHLIN,
DENNY CHIN,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

STEVEN MOSINSKI,

Plaintiff-Appellant,

-v.-                                                    11-3000-cv

MICHAEL J. ASTRUE, Commissioner of
Social Security,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    RICHARD A. ALTMAN, Law Office of
                            Richard A. Altman, New York, New
                            York.

FOR DEFENDANT-APPELLEE:     PETER JEWETT, Special Assistant
                            United States Attorney, United
                            States Social Security
                            Administration (Mary Ann Sloan,
                            Acting Regional Chief Counsel –
                            Region II, Office of the General
                            Counsel, Social Security
                            Administration, on the brief), for
                            Richard S. Hartunian, United States
                            Attorney, Northern District of New
                            York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Mosinski appeals from the district court's judgment of June 28, 2011, dismissing Mosinski's complaint. The judgment was entered pursuant to a memorandum decision and order affirming a decision of the Commissioner of Social Security (the "Commissioner") denying plaintiff-appellant Steven Mosinski's claims for disability insurance benefits ("DIB") and eligibility for supplemental security income ("SSI") under the Social Security Act (the "Act"). We assume the parties' familiarity with the facts and procedural history of the case and the issues presented for review.

Beginning in 1989, Mosinski, a floral designer, was treated for recurring diarrhea, which he experienced five to ten times a day, rectal bleeding, abdominal pain with bloating, and an inability to eat. He was given various Crohn's disease-related diagnoses over the next thirteen years. When Mosinski's condition continued to deteriorate, he began to consider a stem cell transplant.

On August 4, 2002, Mosinski underwent a stem cell transplant. By September 9, 2002, Mosinski had returned to work full time and was experiencing virtually no abdominal pain and reduced diarrhea. By January 2003, although a colonoscopy showed that his Crohn's disease had improved, Mosinski still suffered abdominal pain and diarrhea five to six times a day.

-2-

Nevertheless, he continued to work and had only some difficulty participating in sports and leisure activities. As of January 2006, Mosinski was able to work for up to six hours a day and had nearly no other physical limitations.

Mosinski applied for DIB and eligibility for SSI on December 8, 2005. Both applications alleged an onset of disability date of July 26, 2002. The claims were initially denied on July 3, 2006. After a hearing, the Administrative Law Judge ("ALJ") issued a decision on May 19, 2008, concluding that Mosinski was disabled from July 26, 2002, to July 31, 2003, but that as of August 1, 2003, his health had improved and he was no longer disabled. On June 26, 2008, the ALJ issued an amended decision clarifying his ruling with respect to Mosinski's DIB application: while Mosinski was disabled from July 26, 2002, to July 31, 2003, he was not entitled to benefits for that period.[1] Mosinski filed a timely appeal with the Appeals Council, which denied his appeal by order dated July 7, 2009. He filed a complaint with the district court on August 18, 2009, and moved for judgment on the pleadings on March 12, 2010. The Commissioner filed a cross-motion on June 3, 2010. The magistrate judge issued a report and recommendation on March 7, 2011, recommending that the district court deny Mosinski's motion

---

[1] The ALJ found that although Mosinski was disabled under the Act during that period, he "is not eligible for benefits because his application for disability benefits, which is dated December 8, 2005, is retroactive only until December 8, 2004, making the dates of his closed period null and void for the purposes of entitlement." Mosinski does not appeal this ruling.

-3-

and grant the Commissioner's motion.  On June 28, 2011, the district court adopted the report and recommendation.

Mosinski challenges the ruling of the ALJ that after July 31, 2003, Mosinski was no longer disabled and therefore was ineligible for benefits under the Act.  "In reviewing a district court's decision upholding a decision of the Commissioner, we review the administrative record de novo to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010) (citation and internal quotation marks omitted).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (citation and internal quotation marks omitted).

We conclude that substantial evidence supported the Commissioner's decision and therefore we affirm the district court's judgment.  Mosinski asserts that the ALJ's decision to award him benefits only until July 31, 2003, was arbitrary and capricious because the ALJ ignored medical evidence showing Mosinski was still disabled after that date.  The record provides substantial evidence, however, that Mosinski's condition improved markedly in the year following his stem cell transplant.  One month after the transplant, Mosinski had "no complaints" and was working full time.  Five months after, he no longer required any medication or treatment for Crohn's disease and exhibited only

-4-

"mild symptoms."  Approximately ten months after the transplant, his doctor described Mosinski's overall condition as "much better."  The ALJ considered the evidence that Mosinski still suffered from Crohn's disease, but found that, overall, Mosinski was not disabled under the terms of the Act.  That decision was supported by substantial evidence in the record.

We have considered all of Mosinski's remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK